## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| GEORGE MOORE, on behalf of himself and others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | 21 C 4395 |
| PRO CUSTOM SOLAR LLC d/b/a MOMENTUM SOLAR and LEAD GENESIS PARTNERS, LLC d/b/a SOLAR SOLUTIONS, | ) ) ) ) ) | |
| Defendants. | ) ) | |

## MEMORANDUM OPINION

**CHARLES P. KOCORAS, District Judge:**

Before the Court are Defendant Pro Custom Solar LLC d/b/a Momentum Solar's ("Momentum") and Defendant Lead Genesis Partners, LLC d/b/a/ Solar Solutions' ("L.G.") Motions to Dismiss Plaintiff George Moore's First Amended Complaint ("Complaint") under Federal Rule of Civil Procedure 12(b)(6). For the following reasons, the Court denies both Motions.

## BACKGROUND

For the purposes of these Motions, the Court accepts as true the following facts from the Complaint. *Alam v. Miller Brewing Co.*, 709 F.3d 662, 665–66 (7th Cir. 2013).

All reasonable inferences are drawn in Moore's favor. *League of Women Voters of Chi. v. City of Chi.*, 757 F.3d 722, 724 (7th Cir. 2014).

Moore brings this action against L.G. and Momentum for violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, *et seq.* On July 8, 2021, Moore began receiving phone calls to his residential telephone line—a line that has been on the National Do Not Call Registry since July 7, 2017. During the month of July, he received six phone calls on five different days. He received his seventh phone call on August 3, 2021. While he listened to and terminated the first six phone calls, on the seventh call, he "engaged" the speaker to "confirm their identity." At the conclusion of the seventh call, Moore was told that he would be contacted by a "local solar expert." Moore alleges all seven of the calls were made by L.G.

On the same day of the seventh phone call allegedly placed by L.G., and after he "engaged" with the caller, Moore received "several" calls from another company: Momentum Solar. The caller identified itself as "Momentum Solar" and "advertised solar services" to Moore.

Upon the fourth call from Momentum on August 3rd, Moore again "engaged" with the caller to "confirm the caller's identity." After this engagement, the caller offered him an "in-home appointment" on August 4, 2021, to "complete Mr. Moore's sign-up for Momentum Solar's services." Moore then contacted Momentum to confirm it was Momentum that contacted him.

2

On August 6, 2021, Moore wrote to Momentum requesting they no longer call him. Momentum confirmed its receipt of the communication and noted that "both" of Moore's numbers would be added on Momentum's internal do-not-call list. Moore also asked for a copy of the company's internal do-not-call list policy, but did not receive one.

What he did receive, however, was more phone calls. Moore received five calls on September 15, 2021, and at least one on September 23, 2021. The calls were from the same caller ID number as the August calls, and Moore alleges that the calls were advertising Momentum Solar's solar products.

Based on these events, Moore filed the Complaint on behalf of himself and a putative class alleging violations of the TCPA and seeking statutory damages. L.G. and Momentum now move to dismiss the Complaint under Rule 12(b)(6).

## LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) "tests the sufficiency of the complaint, not the merits of the case." *McReynolds v. Merrill Lynch & Co.*, 694 F.3d 873, 878 (7th Cir. 2012). The allegations in the complaint must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A plaintiff need not provide detailed factual allegations, but it must provide enough factual support to raise its right to relief above a speculative level. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

3

A claim must be facially plausible, meaning that the pleadings must "allow . . . the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The claim must be described "in sufficient detail to give the defendant 'fair notice of what the . . . claim is and the grounds upon which it rests.'" *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555). "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are insufficient to withstand a Rule 12(b)(6) motion to dismiss. *Iqbal*, 556 U.S. at 678.

## DISCUSSION

LG urges the Court to dismiss Moore's Complaint because he does not allege the calls L.G. made were telephone solicitations. Momentum similarly urges the Court to dismiss the Complaint because Moore does not allege Momentum's calls were telephone solicitations—both because he did not plead facts necessary to support that conclusion and because he invited the calls. Finally, Momentum argues that a private cause of action does not exist for violations of the TCPA's technical regulations. We address each argument in turn.

### I.    L.G.'s Motion

In Count II, Moore alleges violations of the TCPA under 27 U.S.C. § 227(c)(5). To establish a claim under Section 227(c)(5), a plaintiff must allege he "received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under [Section 227(c)]." *Id.* If the defendant

4

willfully or knowingly violated the regulations under the subsection, the court has discretion to treble the statutory damages of $500. *Id.*

More specifically, the TCPA prohibits any person or entity from initiating any "telephone solicitation" to a "residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government." 47 C.F.R. § 64.1200(c)(2); 47 U.S.C.§ 227(c)(1); *see also Norman v. N. Ill. Gas Co.*, 2014 WL 184774, at *2 (N.D. Ill. 2014). The TCPA defines the term "telephone solicitation" as the "initiation of a telephone call . . . for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, which is transmitted to any person." 27 U.S.C. § 227(a)(4). The statutory definition also provides three exceptions: (1) calls made "to any person with that person's prior express invitation or permission;" (2) "to any person with whom the caller has an established business relationship;" or (3) "by a tax exempt nonprofit organization." *Id.*

L.G. asserts Moore alleges only one violative call in his Complaint. Because Moore was only able to identify the seventh caller in a stream of identical calls, Momentum contends that he does not allege he received the requisite two or more calls required under the TCPA. In other words, L.G. argues because Moore only confirmed the caller's identity once, though he picked up the previous six times, he is unable to associate the first six calls with the seventh. We disagree.

5

Moore notes in his Complaint that he received at least seven phone calls from the same caller. Each caller used a "telemarketing script," which Moore listened to, and each time the script indicated that the caller was named "Solar Solutions." On the seventh call, he "engaged" the caller to confirm the caller's identity, which, according to the Complaint, was L.G.

The Court, as Moore did, can infer that the first six calls were made by L.G. In reaching this conclusion, we find Judge St. Eve's analysis in *Toney v. Quality Resources, Inc.*, 75 F. Supp. 3d 727, 746 (N.D. Ill. 2014), instructive. There, Judge St. Eve held that in a series of four calls from the same caller, where the first three calls went unanswered and the fourth call was a solicitation, the "content and timing" allowed the court to draw a "reasonable inference" that the first three calls were also made for the purpose of solicitation. *Id.* Here, therefore, it is reasonable to believe the first six calls from the same number with the same content were also from L.G.

L.G. also asserts that Moore did not plead enough facts to establish that the calls were solicitations. This argument is also unpersuasive. It is the purpose behind a call, not what happens during the call, that governs for TCPA analysis of solicitation. *See Bennett v. GoDaddy.com LLC*, 2019 WL 1552911, at *8 (D. Ariz. 2019).

Moore alleges facts to support the conclusion that L.G.'s calls were solicitations. He notes that the calls were made by L.G. using a "telemarketing script." He further alleges he was advised he would be contacted by a "local solar expert" at the end of the seventh call—which resulted in more calls from Momentum. Moore was not seeking

6

out solar services—he notes so explicitly in the Complaint. The fact that he knew about the product L.G. was promoting (solar services) and that L.G. sought to dispatch a "local solar expert" to him has enough teeth so the Court can infer that L.G. was engaging in telephone solicitation. *See Bennett*, 2019 WL 1552911, at *8 (quoting *Chesbro v. Best Buy Stores, L.P.*, 705 F.3d 913, 918 (9th Cir. 2012)) (noting "courts should 'approach the problem' of determining why calls were made 'with a measure of common sense.'").

Finally, a word about agency. L.G. argues Moore did not sufficiently plead facts to hold L.G. vicariously liable for calls made by Momentum. However, Moore did not plead, nor does it appear he intended to plead, any theory of vicarious liability predicated upon any agency relationship between the two defendants. *See* Dkt. # 22, p. 7 ("Mr. Moore is not claiming that Lead Genesis is vicariously liable for the conduct of Momentum Solar."). Therefore, the Court declines to address the agency arguments raised by L.G. and Momentum. Because Moore adequately pleads a claim against L.G. under 47 U.S.C. § 227(c)(5), its Motion is denied.

## II. Momentum's Motion

Turning to now Defendant Momentum: Moore alleges Momentum directly violated the TCPA with its solicitation calls, and that it violated TCPA regulations by not providing Moore with a copy of its internal do-not-call policy. We address each claim in turn.

7

### a.    Count I: Telephone Solicitations

Momentum does not dispute that it called Moore, nor does it dispute that it called Moore for the purpose of advertising or selling "solar services."  Rather, Momentum attempts to characterize the phone calls as falling outside the scope of the TCPA—both because the calls were allegedly invited by Moore and because he failed to plead that the calls were telephonic solicitations.  We disagree.

First, Momentum attempts to avail itself of the statutory safe harbor to telephone solicitations.  Recall the definition of a telephone solicitation specifically exempts those calls which were "to any person with that person's prior *express* invitation or permission."  27 U.S.C. § 227(a)(4) (emphasis added).  Momentum argues Moore invited its calls, and because he invited them, they were no longer solicitations.

Other courts in this District have noted that express consent to receive calls under the TCPA is an affirmative defense.  And, "[b]ecause plaintiffs are not required to anticipate and defeat affirmative defenses, dismissal is only appropriate if the affirmative defense 'is set out entirely in the plaintiff's complaint.'" *Charvat v. Allstate Corp.*, 29 F. Supp. 3d 1147, 1149 (N.D. Ill. 2014) (citing *Kolinek*, 2014 WL 518174 at *2).  Additionally, "unsupported speculation" that Moore "*might*" have given his prior express consent is not enough.  *See id.*  Moore says in the Complaint he did not give his *express* consent to the calls, and no allegations in the Complaint contradict this.

Further, even if Moore did invite the first few calls as a result of his engagement with L.G. and his subsequent engagement with Momentum, he requested the calls

terminate on August 6, 2021, which Momentum confirmed. Assuming he gave it,
Moore at that point revoked his express consent for Momentum to call him. Moore
then received at least six more calls. Therefore, Moore pleads sufficient facts to infer
that at least some of the telephone calls were made without his express consent.

Next, Momentum argues that Moore does not allege facts to support the
conclusion that the calls it made were solicitations. We disagree.

Recall that a "telephone solicitation" is the "initiation of a telephone call . . . for
the purpose of encouraging the purchase or rental of, or investment in, property, goods,
or services, which is transmitted to any person." 27 U.S.C. § 227(a)(4). And it is the
purpose behind a call, not what happens during that call, that governs for TCPA analysis
of solicitation. *See Bennett*, 2019 WL 1552911, at *8. Further, "courts should
'approach the problem' of determining why calls were made 'with a measure of
common sense.'" *Id.* (quoting *Chesbro*, 705 F.3d at 918).

Here, Moore alleges the callers were from Momentum and advertised solar
services. The culmination of the calls lead to an offer for an in-home solar services
appointment. These allegations and common sense dictate that the calls were therefore
solicitations.

The cases relied on by Momentum are not to the contrary, as the calls in each
case are distinguishable. For example, in *Norman*, the purpose of the calls was to find
the previous owner of the phone number, not to sell or advertise a product or good.
2014 WL 184774, at *2. Two more cases involved finding a debtor, not advertising a

9

good or service. *See Joseph v. ARS Nat'l Servs., Inc.*, 2014 WL 12774686, at *4–6 (N.D. Ga. 2014), *report and recommendation adopted*, 2014 WL 12860039 (N.D. Ga. 2014); *Speidel v. JP Morgan Chase & Co.*, 2014 WL 582881, at *2 (M.D. Fla. 2014).

Momentum's nearest miss is *Gulden v. Consolidated World Travel, Inc.*, 2017 WL 3841491 (D. Ariz. 2017). In *Gulden*, a TCPA plaintiff alleged that the offending callers did not identify themselves and that the calls themselves were "solicitations." *Id.* at *3. No other description of the calls was given, so the court could not draw an inference that the calls were solicitations. *Id.* Therefore, the court dismissed the claims with leave to amend. *Id.* at *4. So, while the plaintiff in *Gulden* made the barebones allegation that calls were "solicitations," Moore, on the other hand, pleads specifically that his caller was advertising solar services and the caller offered to him an in-home appointment for Momentum's services. Thus, Moore plausibly alleges the calls were solicitations.

At bottom, while Moore may face difficulties ahead with the nuance of his consent and invitation of the calls or lack thereof, at this stage Moore plausibly alleges the character of the calls was a telephone solicitation under 47 U.S.C. § 227. Therefore, Momentum's Motion is denied with respect to Count I.

### b.    Count II: Do-Not-Call Policy

In Count II, Moore alleges Momentum does not have an internal do-not-call policy, did not train its employees on the existence and use of the policy, and does not

have an internal do-not-call list—all in violation of 47 C.F.R. § 64.1200(d). Momentum argues there is no private cause of action for a violation of this regulation.

To resolve this question, the Court must determine whether the Federal Communications Commission ("FCC") promulgated Section 64.1200(d) under 42 U.S.C. 227(c) or 227(d). If the regulation was enacted under Section 227(c), then the statute provides a cause of action. *See Bilek v. Nat'l. Congress of Emps.*, 470 F. Supp. 3d 857, 862 (N.D. Ill. 2020). However, if the regulation was enacted under Section 227(d), then the statute does not provide a private cause of action. *See id.*

Courts across the country are split on this question. Some hold that the regulations of Section 64.1200(d) were promulgated under Section 227(c) because the protocols protect the privacy rights of those who are called against their wishes. *See, e.g.*, *Cordoba v. DIRECTV, LLC*, 942 F.3d 1259, 1265 (11th Cir. 2019); *Charvat v. NMP, LLC*, 656 F.3d 440, 443–44 (6th Cir. 2011); *Fischman v. Media Strat X, LLC*, 2021 WL 3559639, at *4 (E.D.N.C. 2021) (collecting cases). Others hold that the regulations were promulgated under Section 227(d) because they are technical and procedural in nature. *See, e.g.*, *Worsham v. Disc Power, Inc.*, 2021 WL 50922, at *4 (D. Md. 2021); *see also Fischman*, 2021 WL 3559639, at *5 (collecting cases). The Seventh Circuit has not addressed the issue.

However, the question has been addressed by at least one court in this District. In *Bilek*, Judge Norgle held "the FCC promulgated section 64.1200(d) pursuant to section 227(c)" because "[t]aken as a whole, section 64.1200(d) implements section

11

227(c)'s command to protect the privacy rights of telephone subscribers to avoid receiving telephone solicitations to which they object." 470 F. Supp. 3d at 863. We agree with Judge Norgle's analysis and find Moore has a private right of action because Section 64.1200(d) was enacted under Section 227(c).

Moore alleges enough facts to make the vindication of his claims rise above speculation. Section 64.1200(d) is clear: those who initiate telemarketing calls must "institute procedures for maintaining a list of persons who request not to receive such calls." 47 C.F.R. § 64.1200(d). The "minimum standards" required by the regulations include that a written policy that is available upon demand, 47 C.F.R. § 64.1200(d)(1), and all personnel who are engaged in such calls be "informed and trained in the existence and use of the do-not-call list," 47 C.F.R. § 64.1200(d)(2).

Moore not only asked to be placed on Momentum Solar's internal do-not-call list, he received written notice that his request was received and granted. Moore also asked for a copy of Momentum's do-not-call policy but did not receive one. He then continued to receive calls. These allegations support the reasonable conclusion that either Momentum's staff were not properly trained in distributing and implementing the do-not-call policy, or Momentum did not have a written policy to distribute. Both actions are independently violations of Section 64.1200(d). Accordingly, Momentum's Motion to Dismiss Count II of the Complaint is denied.

## CONCLUSION

For the reasons stated above, the Court denies both L.G's Motion to Dismiss (Dkt. # 18) and Momentum's Motion to Dismiss (Dkt. # 15).  Moore's Motion to Compel (Dkt. # 26) is granted.  Telephonic status is set for 5/19/2022 at 9:40 a.m.  It is so ordered.

Dated: 04/12/2022

_____
Charles P. Kocoras
United States District Judge